MARTHA E. PEARSON, as Executrix, etc., of ANTON N. PEARSON, Deceased, Respondent, v. ESDO BUILDING CORPORATION, Appellant, Respondent; CIRCLE CONSTRUCTION CORPORATION, HERBERT C. JONES and FRANK E. DONAHUE, Appellants.— Action to recover damages for the wrongful death of plaintiff's testator, which occurred by reason of the collapse of a wall, the work of underpinning which he was supervising. The Circle Construction Corporation, Herbert C. Jones and Frank E. Donahue appeal from the amended judgment in favor of plaintiff against them and also in favor of Esdo Building Corporation on the latter's cross-complaint. Esdo Building Corporation appeals from so much of the amended judgment in favor of plaintiff as awards judgment against it. On appeal by Circle Construction Corporation, Herbert C. Jones and Frank E. Donahue, amended judgment reversed on the facts and a new trial granted, with costs to abide the event. On appeal by defendant Esdo Building Corporation, amended judgment, in so far as appealed from, reversed on the facts and a new trial granted, with costs to abide the event. The question of fact presented under the pleadings and proof was whether the alleged negligent operation of the power shovel was the sole and exclusive cause of the fall of the wall. Determination thereof by the jury was conclusive not only with respect to the complaint, but also to the cross-complaint. A close question of fact was presented. We regard the summation of the attorney for plaintiff as inflammatory and prejudicial. The references to the testator rotting in his grave, as contrasted with the fortunate lot of the alleged tort feasors, the possibility of fatal accidents to the husbands of the female

jurors, the statement that a $25,000 verdict would add to an existent scandal, and other such utterances cannot be condoned as an excess of zeal when considered in conjunction with the plea to the jurors to forego their functions as jurors in arriving at a proper amount of damages. The jurors were informed that they were not to think that " you are the last ones who are going to dispose of this case," that the case was going to go through appellate courts consisting of a specified number of judges and that a small verdict would be paid and forgotten. They were advised, " Whatever you do cannot be upset except in one thing — if you render too large a verdict. The Appellate Courts can reduce it, but they cannot increase it. Without a new trial they can reduce it. And this Judge on the bench here can reduce it." That was a plain intimation to the jury that no harm could come to the defendants if the jury rendered an excessive verdict. An analogous situation was presented in *People* v. *Johnson* (284 N. Y. 182), where it was held that the effect of such statements was to weaken the jurors' sense of obligation in the performance of their duties and the full appreciation of their responsibility. The rule was stated generally and was not limited to criminal cases. The appeals from the original judgment are dismissed, without costs. Hagarty, Adel and Taylor, JJ., concur; Carswell and Johnston, JJ., concur for dismissal of the appeals from the original judgment, but dissent from the reversal of the amended judgment and the granting of a new trial and vote to affirm the amended judgment.